1

2

3

4

5       UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
6               AT SEATTLE

7    THE HANOVER AMERICAN INSURANCE        No. 2:21-cv-644
     COMPANY, a Delaware Corporation; THE
8    HANOVER INSURANCE COMPANY, a          **COMPLAINT FOR DECLARATORY**
                                           **JUDGMENT**
9                       Plaintiff,

10        vs.

11   DOUBLEDOWN INTERACTIVE, LLC,
     DOUBLEU GAMES CO., LTD.,
12   DOUBLEDOWN INTERACTIVE CO., LTD.,
     AND NEXRF CORP.
13
                        Defendants.
14

15       Plaintiff The Hanover American Insurance Company alleges as follows:

16                          I. **PARTIES**

17       1.      At all relevant times, Plaintiffs The Hanover American Insurance Company and

18   The Hanover Insurance Company (collectively "Hanover") are and were authorized to conduct

19   business in the State of Washington.

20       2.      Plaintiff The Hanover American Insurance Company is incorporated in and has its

21   principal place of business in Massachusetts.

22       3.      Plaintiff The Hanover Insurance Company is incorporated in and has its principal

23   place of business in Massachusetts.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4.     Upon information and belief, Defendant DoubleDown Interactive, LLC ("DoubleDown Interactive") is a limited liability company incorporated and existing under the laws of Washington, with its principal place of business at 605 5th Avenue, Suite 300, Seattle, WA 98104. Upon information and belief, DoubleDown Interactive conducts business throughout Washington and the United States.

5.     Upon information and belief, Defendant DoubleU Games Co., Ltd. ("DUG") is a corporation incorporated and existing under the laws of Korea, with its principal place of business at 16F Gangnam Finance Center, 152, Teheran-ro Gangnam-gu, Seoul 06236, Republic of Korea. DUG conducts business throughout Washington and the United States.

6.     Upon information and belief, Defendant DoubleDown Interactive Co., Ltd. ("DDI") is a limited company incorporated and existing under the laws of Korea, with its principal place of business at 13F Gangnam Finance Center, 152, Teheran-ro Gangnam-gu, Seoul 06236, Republic of Korea. DDI conducts business throughout Washington and the United States.

7.     Upon information and belief, none of the members of DoubleDown Interactive are residents of the state of Massachusetts.

8.     Upon information and belief, NEXRF Corp. ("NEXRF") is a Nevada corporation with a principal place of business at 9190 Double Diamond Pkwy, Reno, NV 89521. NEXRF is the claimant in the Underlying Lawsuit and is being named solely to ensure any determination in this case is binding upon it.

## II.  JURISDICTION AND VENUE

9.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a).  There is complete diversity between the plaintiff and the defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Complaint for Declaratory Judgment – 2
Cause No. 2:21-cv-644

2941309 / 520.0046

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

10.     Venue is proper pursuant to 28 U.S.C §1391(b) as to DoubleDown Interactive, in that a substantial portion of the events giving rise to the claims at issue in this action occurred in this district, and the Hanover policies at issue herein were issued to Double Down Interactive, LLC, a Washington limited liability company, which maintains its principal place of business in this district.

11.     Venue is proper pursuant to 28 U.S.C §1391 as to DUG, in that a substantial portion of the events giving rise to the claims at issue in this action, as well as the Underlying Lawsuit, occurred in this district. Further, upon information and belief, DUG directly and through its agents regularly does, solicits, and transacts business in the State of Washington, including as relates to the patents at issue in the Underlying Lawsuit, and related conduct and transactions with other entities, as well as co-defendants DDI and DoubleDown Interactive.

12.     Venue is proper pursuant to 28 U.S.C §1391 as to DDI, in that a substantial portion of the events giving rise to the claims at issue in this action, as well as the Underlying Lawsuit, occurred in this district. Further, upon information and belief, DDI directly and through its agents regularly does, solicits, and transacts business in the State of Washington, including as relates to the patents at issue in the Underlying Lawsuit, and related conduct and transactions with other entities, as well as co-defendants DUG and DoubleDown Interactive.

13.     Venue is proper pursuant to 28 U.S.C §1391 as to NEXRF, in that a substantial portion of the events giving rise to the claims at issue in this action, as well as the Underlying Lawsuit, occurred in this district. Further, NEXRF filed the Underlying Lawsuit in this district, thereby acknowledging this district's jurisdiction.

///

///

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

### III. GENERAL ALLEGATIONS

**A.     Underlying Lawsuit**

14.     On or about December 31, 2020, DUG, DDI, and DoubleDown Interactive were named as defendants in a lawsuit brought by NEXRF Corp., ("NEXRF") in the United States District Court for Western District of Washington, Case No. 2:20-cv-01875 (the "Underlying Lawsuit").

15.     In the Underlying Lawsuit, NEXRF alleges that it owns Patents 8,747,229, 8,506,406, and 9,646,454, ("Patents"), related to the remote gaming industry, and which disclose various systems and methods for embodiments of a fully remote, multiplayer capable, secure, and engaging casino-style gaming system.

16.     In the Underlying Lawsuit, NEXRF asserts that the design patented in the Patents, the alleged infringement of which is the subject of the Underlying Lawsuit, departed from prior art systems, provided for streamlined media delivery, increased security to reduce unauthorized use, multiplayer extensibility with improved scaling and reliability, and a flexible infrastructure that could accommodate gambling or social gaming and different types of games.

17.     Additionally, in the Underlying Lawsuit, NEXRF alleges that value and unconventional nature of the Patents at issue in the Underlying Lawsuit are demonstrated by the fact that although the Patents were issued almost twenty years ago, it has been only in the last few years that online mobile gambling and social casino gaming have become wide-spread and multi-billion-dollar industries.

18.     NEXRF alleges in the Underlying Lawsuit that DUG, DDI, and DoubleDown Interactive (collectively "Defendants") infringed upon its Patents, that the Defendants had knowledge of NEXRF's Patents or were willingly blind to the infringement, and that Defendants'

Complaint for Declaratory Judgment – 4
Cause No. 2:21-cv-644

2941309 / 520.0046

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1    ongoing infringement of the Patents is willful and deliberate.

2         19.    Further, in the Underlying Lawsuit, NEXRF alleges that Defendants are vicariously

3    liable for the actions of its customers because the only action required of a user is to play the game,

4    which infringes on the Patents, and that, among other things, the Defendants actively, knowingly,

5    and intentionally induce the infringement of the Patents by actively encouraging its users to play

6    the games.

7         20.    In the Prayer for Relief in the Underlying Lawsuit, NEXRF seeks (A) judgment in

8    NEXRF's favor and against Defendants on all causes of action alleged; (B) damages, including the

9    trebling of all post-filing awarded, for the Defendants' alleged infringements of its Patents; (C)

10   costs of suit; (D) prejudgment interest; and (E) attorney's fees and costs, among other relief.

11        **B.    Policies Issued By Hanover to Double Down Interactive, LLC and Tender of
           Defense and Indemnity.**

12

13        21.    Hanover issued a Technology Liability Policy, Policy No. LH2 D598579 02,

14   ("Technology Policy"), a Commercial Liability Policy, Policy No. ZZ2 D598576 02, ("Liability

15   Policy"); and an Umbrella Policy, Policy No. UH2 D598577 02 to DoubleU Diamond, LLC; each

16   policy listed DoubleDown Interactive LLC as an Additional Named Insured thereunder.  The

17   Technology Policy, Liability Policy and Umbrella Policy were, each, effective June 1, 2020 to

18   June 1, 2021.   A true and correct copy of the Technology Policy is attached to the Complaint as

19   Exhibit A; a true and correct copy of the Liability Policy is attached to the Complaint as Exhibit

20   B; and a true and correct copy of the Umbrella Policy is attached to the Complaint as Exhibit C.

21   ///

22   ///

23   ///

Complaint for Declaratory Judgment – 5
Cause No. 2:21-cv-644

2941309 / 520.0046

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1

        1.        **The Technology Policy**

2

22.  The Technology Policy contains the following insuring agreement:

3

**SECTION A – COVERAGE**

4

**1. Insuring Agreement**

5        **a.**     We will pay those sums "you" become legally obligated to pay as

6    "damages" and "claim expense" because of any "claim" arising out of an "anomaly" in "your product" or "your work" to which this insurance applies.

7    The amount we will pay for "damages" and "claim expense" is subject to a retention and limits as described in **SECTION C – LIMITS OF**

8    **INSURANCE AND RETENTION** and the Declarations. No other obligation or liability to pay sums is covered unless explicitly provided for under **SECTION B SUPPLEMENTARY PAYMENTS**

9

        **b.**     This insurance applies only if:

10        **1)**    The "anomaly" takes place in the "coverage territory";

        **2)**    The "anomaly" first occurred on or after the applicable retroactive

11    date(s) and before the end of the "policy period". The Retroactive Date is the specific date entered in the Declarations, or if no date is

12    entered, the policy effective date shown in the Declarations;

        **3)**    The "claim" is first made against "you" during the "policy period"

13    or any extended reporting period we provide and the "claim" is reported to us as set forth in **SECTION E – CONDITIONS,**

14    Paragraph **8. Duties In The Event Of "Anomalies", "Claims", Or "Suits"**;

15        **4)**    "You" did not give notice of such "anomaly" to any prior insurer, or notice under any policy of which this policy was a renewal,

16    replacement or succeeds in time; and

        **5)**    Prior to the inception date of the first Technology Professional

17    Liability Policy issued and continually renewed by us, no "described authorized person" knew an "anomaly" occurred, or knew of any

18    fact which could reasonably be expected to result in a "claim".

19        **c.**     A "claim" is first made when either we or "you" first receive notice that a "claim" has been made or will be made against "you". However, for a

20    "Named Insured" a "claim" is first made when we or any "described authorized person" first receives notice that a "claim" has been made or will

21    be made against "you".

22    All "claims" from a single or series of related "anomalies" in "your product" or "your work" will be considered one "claim". The "claim" will be deemed first made

23    when the first of these "claims" is made.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

2.      **Definition of "Anomaly"**
        "Anomaly" means any of the following with respect to "your product" or "your work", when actually or allegedly committed by "you" or on "your" behalf:

a.      **Errors and Omissions**
        1)      Error, omission or negligent act;
        2)      Breach of warranties or representations as to fitness, quality, suitability or performance;
        3)      Failure to perform the function or serve the purpose intended;

b.      **Information Security**
        1)      Failure to prevent:

        a)      Unauthorized access to or unauthorized use of "your product" or "your work";
        b)      Tampering with code or introduction of malicious code by a third party;
        c)      Unauthorized access to, unauthorized use of, or theft of "private personal data" or "personal health information" by a third party:

                **(1)** "private personal data" means private identifying information that could be used to commit fraud or other illegal activity involving the credit or identity of an individual, including but not limited to Social Security numbers, driver's license numbers and account numbers correlated with names and addresses. "Private personal data" does not mean or include information that is otherwise available to the public, such as names and addresses with no correlated Social Security numbers or account numbers;

                **(2)** "personal health information" means any information, whether oral or recorded in any form or medium that is created or received by a health care provider, health plan, public health authority, employer, life insurer, school or university, or health care clearinghouse; and relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual;

        2)      Inability of an authorized third party to gain access to "your product" or "your work", including distributed denial or disruption of service or repudiation of authorized access;

        3)      Unintended transmission by "you" to a third party of any malicious code;

///

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

### c. Privacy and Personal Injury

1) Invasion, intrusion or interference with the right of privacy or publicity, including false light, public disclosure of private information, or commercial appropriation of name or likeness;
2) Wrongful entry, eavesdropping, eviction, trespass or other invasion of the right of private occupancy;
3) Defamation, libel, slander, product disparagement, trade libel, mental anguish, outrageous conduct, or other tort related to disparagement or harm to the reputation or character of any person or entity;
4) False arrest, detention, imprisonment, malicious prosecution;

### d. Media and Content

1) Infringement or dilution of title, slogan, trademark, trade name, trade dress, service mark, service name, or copyright;
2) Misappropriation of ideas under implied contract;
3) Plagiarism;
4) Piracy, but only when it directly relates to infringement of copyright or trademark; or
5) Misuse of an intellectual property right in "content", but only when it results in "anomalies" described in **d.1**) through **4**) above.

23.    The Technology Policy contains the following exclusions, as well as others:

### 4. Exclusions

This insurance does not apply to:

…

### h. Intellectual Property
Theft, misappropriation, misuse, infringement or contributory infringement of any intellectual property right. However, this exclusion does not apply to coverage specifically provided under **2. Definition of "Anomaly",** Paragraph **d. Media and Content** Items **1**) through **5**).

**…**

### j. Malicious or Intentional Act
Any malicious or intentional act committed by "you" or with "your" consent or knowledge, including but not limited to the following:

**1**) any fraudulent, criminal or malicious act or omission;

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

**2)** willful misconduct;
**3)** knowing violation of rights or law; or
**4)** gaining of any profit or advantage to which "you" are not legally entitled.

This exclusion does not apply to "you" if "you" did not participate in, knowingly allow or direct such malicious or intentional act.

However, we will defend "you" against allegations of any of the foregoing conduct until there is a judgment, final adjudication, adverse admission or finding of fact against "you" as to such conduct at which time "you" shall reimburse us for "claim expense".

We will not defend any criminal act which was the subject of a criminal prosecution in which "you" were found guilty or pled guilty, nolo contendere or no contest.

Criminal proceedings are not covered under this policy regardless of the allegations made against any of "you".

24.     The Technology Policy includes, among others, the following conditions:

**18. Two Or More Policies, Coverage Parts, Or Endorsements Issued By Us**
It is our stated intent that the various coverage parts, forms, endorsements or policies issued to the "Named Insured" by us, or any company affiliated with us; do not provide any duplication or overlap of coverage for the same "claim". If this coverage part, form, endorsement or policy and any other coverage part, form, endorsement or policy issued to the "Named Insured" by us, or any company affiliated with us, apply to the same "claim", occurrence, offense, accident, negligent act, error or omission, or loss, the maximum Limit of Insurance under all such coverage parts, forms, endorsements or policies combined shall not exceed the highest applicable Limit of Insurance under any one coverage part, form, endorsement or policy.

25.     The Technology Policy includes the following definitions, among others:

**7. "Damages"** means a monetary judgment, award or settlement that "you" become legally obligated to pay.

"Damages" also means punitive or exemplary "damages" or the multiplied portion of multiplied awards, where insurable by law. Enforceability of this paragraph shall be governed by the applicable law of the most favorable jurisdiction for such "damages":

        **a.** where the "claim" seeking such "damages" is brought or where such "damages" are awarded;
        **b.** where the "anomaly" giving rise to the "claim" occurred;

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

**c.** where "you", subject to such "damages", are incorporated or have "your" principal place of business; or
**d.** where we are incorporated or have our principal place of business.

"Damages" do not include:
**e.** Cost or expense to recall, upgrade, correct, complete, rework, repair, or replace "your product" or "your work" in whole or in part by:
**1)** any of "you"; or
**2)** another party if any of "you" had the opportunity to upgrade, correct, complete, rework, repair, or replace "your product" or "your work".
**f.** Any costs to comply with an order for injunctive relief, or to comply with an agreement to provide such relief;
**g.** Credits, coupons, offsets, refunds, rebates;
**h.** Any taxes, fines or penalties, except as provided above with respect to punitive, multiple portion thereof, or exemplary "damages"; or
**i.** Any voluntary payments.

11. "First Named Insured" means the "Named Insured" listed first in Item 1. of the Declarations.
12. "Named Insured" means any person or entity designated in Item 1. of the Declarations and any "subsidiary".
…
18. "Subsidiary" means any corporation or limited liability company of which one or more "Named Insured" owns more than 50% of the issued and outstanding voting stock either directly or indirectly on the inception date of the "policy period" and which was disclosed in the application or any other information or material submitted to us in
applying for this policy.

26.   The Liability Policy contains the following Coverage A Insuring Agreement:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

**a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

> **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

> **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

b. This insurance applies to "bodily injury" and "property damage" only if:

> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

> **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

> **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

...

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

1     time from the "bodily injury".

2     24.   The Liability Policy contains the following Coverage A exclusions:

3     **2.  Exclusions**

4     This insurance does not apply to:

5     **a.  Expected Or Intended Injury**

6     "Bodily injury" or "property damage" expected or intended from the
      standpoint of the insured.  This exclusion does not apply to "bodily injury"
7     resulting from the use of reasonable force to protect persons or property.

8     **b. Contractual Liability**
      "Bodily injury" or "property damage" for which
9     the insured is obligated to pay damages by
      reason of the assumption of liability in a
10    contract or agreement. This exclusion does not
      apply to liability for damages:

11    **(1)** That the insured would have in the absence of the contract or agreement; or
12    **(2)** Assumed in a contract or agreement that is an "insured contract", provided the
      "bodily injury" or "property damage" occurs subsequent to the execution of the
13    contract or agreement. Solely for the purposes of liability assumed in an "insured
      contract", reasonable attorneys' fees and necessary litigation expenses incurred by
      or for a party other than an insured are deemed to be damages because of "bodily
14    injury" or "property damage", provided:

15          **(a)** Liability to such party for, or for the cost of, that party's defense has also
            been assumed in the same "insured contract"; and
16
            **(b)** Such attorneys' fees and litigation expenses are for defense of that party
17          against a civil or alternative dispute resolution proceeding in which
            damages to which this insurance applies are alleged.
18    …

19    **d.  Workers' Compensation And Similar Laws**

20    Any obligation of the insured under a workers' compensation, disability
      benefits or unemployment compensation law or any similar law.
21
      **e.  Employer's Liability**
22
      "Bodily injury" to:
23
      **(1)** An "employee" of the insured arising out of and in the course of:

Complaint for Declaratory Judgment – 12
Cause No. 2:21-cv-644

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2941309 / 520.0046

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

27.     The Liability Policy includes the following Coverage B Insuring Agreement:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.  Insuring Agreement**

**a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

**(1)**     The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)**      Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

**b.**   This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

28.    The Liability Policy includes the following Coverage B exclusions:

**2. Exclusions**

This insurance does not apply to:

…

**i. Infringement Of Copyright, Patent, Trademark Or Trade Secret**
"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

…

**EXCLUSION – PERSONAL AND ADVERTISING INJURY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

COVERAGE B (Section I) does not apply and none of the references to it in the Coverage Part apply.

29.    The Liability Policy identifies who qualifies as an insured thereunder. With respect to a limited liability company, the structure of the named insured, DoubleDown Interactive, the Liability Policy states:

**SECTION II – WHO IS AN INSURED**
**1.** If you are designated in the Declarations as:
\*\*\*
**c.**    A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

**2.** Each of the following is also an insured:
\*\*\*
**3.**    Any organization you newly acquire or form, other than a

Complaint for Declaratory Judgment – 14
Cause No. 2:21-cv-644

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2941309 / 520.0046

partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

**a.** Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

**b.** Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

**c.** Coverage B does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

30.    The Liability Policy includes the following definitions that apply to all coverage parts thereof:

**SECTION V – DEFINITIONS**

**1.**    "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.  For the purposes of this definition:

**a.**  Notices that are published include material placed on the Internet or on similar electronic means of communication; and

**b.**  Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14.    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.**       False arrest, detention or imprisonment;

b.       Malicious prosecution;

Complaint for Declaratory Judgment – 15
Cause No. 2:21-cv-644

2941309 / 520.0046

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

c.      The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d.      Oral or written publication, in any manner of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.      Oral or written publication, in any manner, of materials that violates a person's right of privacy;

f.      The use of another's advertising idea in your "advertisement"; or

g.      Infringing upon another's copyright, trade dress or slogan in your "advertisement".

17. "Property damage" means:

a.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that cause it; or

b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For purposes of this insurance, electronic data is not tangible property. As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

///

///

Complaint for Declaratory Judgment – 16
Cause No. 2:21-cv-644

2941309 / 520.0046

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

31.    The Umbrella Policy includes the following insuring agreement:

**I.    INSURING AGREEMENTS**

**1. Coverage A – Follow Form Excess Liability Insuring Agreement**

    **a.**    We will pay on behalf of the insured those sums in excess of the "underlying insurance" which the insured becomes legally obligated to pay as damages, provided:

        **(1)**    Such damages are covered by "underlying insurance";

        **(2)**    The event which triggers coverage on the "underlying insurance" takes place during the policy period of this insurance, and

        **(3)**    The applicable Limit of Insurance of the "underlying insurance" is exhausted by payment of judgments, settlements, related costs or expenses for damages also covered under this policy. We will not pay if the Limit of Insurance of "underlying insurance" is exhausted by payment for damages to which this insurance does not also apply.

    **b.**    We will not pay damages that the "underlying insurance" does not pay for any reason other than exhaustion of limits of the "underlying insurance" by payment of judgments, settlements, related costs or expenses.

    **c.**    The terms and conditions of the "underlying insurance" in effect at the inception of this policy apply unless they are inconsistent with the terms and conditions of this policy.

    **d.**    The amount we will pay for damages is limited as described in section **VI. LIMITS OF INSURANCE.**

    **e.**    We have no obligation under this insurance with respect to any claim or "suit" settled without our consent.

    **f.**    This policy does not apply to any part of loss within the Limit of Insurance of "underlying insurance", or any related costs or expenses.

    **g.**    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under section

32.    The Umbrella Policy includes the following endorsements:

**EXCLUSION – ADVERTISING INJURY (COVERAGE B)**

This endorsement modifies insurance provided under the following:
HANOVER COMMERCIAL FOLLOW FORM EXCESS AND UMBRELLA POLICY

Complaint for Declaratory Judgment – 17
Cause No. 2:21-cv-644

2941309 / 520.0046

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

The following is added to Section **VII. EXCLUSIONS,** paragraph **3.** Applicable to **Coverage B – Umbrella Liability** only:

This insurance does not apply to:

**Advertising Injury**

Any liability or expense arising out of "advertising injury".

ALL OTHER TERMS, CONDITIONS, AND EXCLUSIONS REMAIN UNCHANGED.

...

**EXCLUSION – PERSONAL INJURY**
**(COVERAGE B ONLY)**

This endorsement modifies insurance provided under the following:

HANOVER COMMERCIAL FOLLOW FORM EXCESS AND UMBRELLA POLICY
The following is added to section **VII. EXCLUSIONS,** paragraph **3.** Applicable to **Coverage B – Umbrella Liability** only:

**Personal Injury**

Any liability or expense arising from "personal injury".

ALL OTHER TERMS, CONDITIONS, AND EXCLUSIONS REMAIN UNCHANGED.
COVERAGE ANALYSIS

33.    DoubleDown Interactive notified Hanover of the Underlying Lawsuit on or about February 22, 2021.

34.    Hanover agreed to defend DoubleDown Interactive subject to a reservation of rights under the Technology Policy on or about April 7, 2021.

35.    Hanover reserved rights to deny coverage or have a Court determine there is no coverage based on the policy terms and allegations of the Underlying Lawsuit.

36.    Hanover seeks a declaration that it does not have a duty to defend or indemnify DUG, DDI and/or DoubleDown Interactive under the Technology Policy, the Liability Policy, and/or the Umbrella Policy based on the plain allegations of the Complaint in the Underlying

Complaint for Declaratory Judgment – 18
Cause No. 2:21-cv-644

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2941309 / 520.0046

1   Lawsuit.

2   ## IV.  CAUSE OF ACTION

3   ### (Declaratory Judgment) – No Duty to Defend or Indemnify

4       37.    Hanover reiterates and re-alleges each and every allegation contained in the

5   preceding paragraphs as if fully set forth herein.

6       38.    There is an actual, substantial and justiciable controversy between Hanover on the

7   one hand, and DUG, DDI and DoubleDown Interactive on the other hand, concerning Hanover's

8   obligations under the Technology Policy, Liability Policy and/or Umbrella Policy, including

9   whether the allegations in the Underlying Lawsuit against DUG, DDI and/or DoubleDown

10  Interactive trigger a duty to defend and indemnify under the Technology Policy, Liability Policy

11  and/or Umbrella Policy.

12      39.    Hanover is entitled to a declaratory judgment that there it has no duty to defend and

13  indemnify DUG, DDI nor DoubleDown Interactive under the Technology Policy in relation to the

14  allegations asserted in the Underlying Lawsuit, in part for the following reasons:

15      a.    Some or all of the damages alleged in the Underlying Lawsuit do not arise out of

16      an "anomaly";

17      b.    The Underlying Lawsuit does not allege "damages";

18      c.    The Intellectual Property and Malicious or Intentional Act exclusions eliminate a

19      duty to defend and indemnify; and

20      d.    DUG and DDI are not insured under the Technology Policy as neither is a "First

21  Named Insured," "Named Insured," and/or a "Subsidiary" of Named Insured DoubleDown

22  Interactive.

23      40.    Hanover is entitled to a declaratory judgment that there it has no duty to defend and

Complaint for Declaratory Judgment – 19
Cause No. 2:21-cv-644

2941309 / 520.0046

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1    indemnify DUG, DDI nor DoubleDown Interactive under the Liability Policy in relation to the

2    allegations asserted in the Underlying Lawsuit, in part for the following reasons:

3          a.      Some or all of the damages alleged in the Underlying Lawsuit do not arise out of

4    "bodily injury" or "property damage" caused by an "occurrence" during the respective Liability

5    Policy effective policy period, and/or or "personal and advertising injury" caused by an offense

6    during the Liability Policy effective policy period;

7          b.      The Infringement of Copyright, Patent, Trademark or Trade Secret exclusion

8    eliminates a duty to defend and indemnify;

9          c.      The exclusion eliminating Coverage B applies to remove any personal and

10    advertising injury coverage from the policy; and

11          d.      DUG and DDI are not insured under the Liability Policy as neither is a Member

12    or Manager of DoubleDown Interactive, nor an organization newly acquired by DoubleDown

13    Interactive, and which DoubleDown Interactive owns or had majority interest of.

14          41.      Hanover is entitled to a declaratory judgment that there it has no duty to defend and

15    indemnify DUG, DDI nor DoubleDown Interactive under the Umbrella Policy in relation to the

16    allegations asserted in the Underlying Lawsuit, in part for the following reasons:

17          a.      Coverage under the Umbrella Policy has not been triggered as the underlying

18    insurance, the Liability Policy, has not been exhausted by the payment of judgments, settlements,

19    related costs or expenses for damages also covered by the Umbrella Policy;

20          b.      The damages alleged in the Underlying Lawsuit are not covered by the underlying

21    insurance, the Liability Policy;

22          c.      The Exclusion - Personal Injury exclusion eliminates a duty to defend and/or

23    indemnify; and

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

d.      DUG and DDI are not insureds listed in Item 1 of the Declarations of the Umbrella Policy, nor qualify as insureds under the underlying insurance, the Liability Policy.

42.     Hanover is entitled to a declaratory judgment that should coverage be found under the Technology Policy, the Liability Policy and/or the Umbrella Policy, the existence of which Hanover vehemently denies, only the limits of one policy applies to the Underlying Lawsuit pursuant to the Two Or More Policies, Coverage Parts, Or Endorsements Issued By Us condition in the Technology Policy.

43.     Hanover is entitled to a declaratory judgment that the findings of the Court in this matter be binding upon NEXRF in the Underlying Lawsuit.

## V.  <u>PRAYER FOR RELIEF</u>

WHEREFORE, Hanover prays for the following relief:

1.      A declaratory judgment that Hanover has no duty to defend DUG, DDI, and/or DoubleDown Interactive in the Underlying Lawsuit under the Technology Policy, Liability Policy and/or Umbrella Policy.

2.       A declaratory judgment that Hanover has no duty to indemnify DUG, DDI, and/or DoubleDown Interactive in the Underlying Lawsuit under the Technology Policy, Liability Policy and/or Umbrella Policy.

3.      A declaratory judgment that Hanover provided no coverage for DUG, DDI, and/or DoubleDown Interactive for the claims asserted in the Underlying Lawsuit.

4.      A declaratory judgment that any Hanover obligation to defend DUG, DDI, and/or DoubleDown Interactive ends upon the finding of no duty to defend or no coverage.

5.      A declaratory judgment that the findings of the Court in this matter are binding upon NEXRF.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

6.      For such further relief as the Court deems just, proper, and equitable.

DATED this 14th day of May, 2021.

FORSBERG & UMLAUF, P.S.


*s/ Ryan J. Hesselgesser*
Ryan J. Hesselgesser, WSBA #40720

*s/ Galina K. Jakobson*
Galina K. Jakobson WSBA #49501
Forsberg & Umlauf, P.S.
901 Fifth Ave., Suite 1400
Seattle, WA  98164
Phone:  (206) 689-8500
Email:  *RHesselgesser@FoUm.law*
Email:  *GJakobson@FoUm.law*


*Attorneys for Plaintiff*

Complaint for Declaratory Judgment – 22
Cause No. 2:21-cv-644

2941309 / 520.0046

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX